**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TED THOLCKEN and<br>CLARICE THOLCKEN,<br><br>Plaintiffs<br><br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CASE NO. 4:07CV139 |

**FINAL JUDGMENT**

As set forth fully on the record and stated in open court at the conclusion of the presentation of all of the evidence, the Court, having conducted a bench trial on the merits of the claims before it, finds as follows:

The parties have stipulated to liability in this matter. Specifically, the parties have stipulated that Plaintiff Ted Tholcken was in an automobile collision with a vehicle driven by Ryan Nordyke, that the collision was proximately caused by the negligence of Ryan Nordyke, that Ryan Nordyke was acting in the course and scope of his employment with the government of the United States of America at the time of the collision, and that Defendant United States of America is liable for any damages caused by Ryan Nordyke's negligence.

The Court finds that Plaintiff Ted Tholcken suffered from significant injuries as a result of the accident. The Court finds that the injuries which proximately resulted from the accident included injuries to Ted Tholcken's chest, sternum, right knee, neck, lungs, heart, right foot, and urethra, as

noted in the testimony of Dr. Willingham and Dr. Welborne. Further, having heard the testimony, the Court finds that Plaintiff Ted Tholcken's pain was significant, as reported.

The evidence presented shows that Plaintiff Ted Tholcken underwent several procedures in the treatment of his injuries as outlined by the medical testimony and that all procedures necessarily related to the injuries resulting from the accident. Plaintiff's recovery and rehabilitation lasted between 12 and 18 months, but his future prognosis is quite good. Tholcken experienced significant foot problems in his right foot stemming from the accident.

The Court finds that Plaintiff Ted Tholcken's medical expenses in the amount of $250,333.75 were reasonable and customary charges for the North Texas area, and that, after write-offs, he is entitled to an award for past medical expenses of $73,991.07. TEX. CIV. PRAC. & REM. CODE § 41.0105; *see Mills v. Fletcher*, 229 S.W.3d 765, 769 (Tex. App.- San Antonio 2007, no pet.) ("We, therefore, hold that section 41.0105 limits a plaintiff from recovering medical or health care expenses that have been adjusted or 'written off.'"); *Coppedge v. K.B.I., Inc.*, 2007 WL 1989840, 3 (E.D. Tex. July 3, 2007) (Giblin, J.) (indicating that Section 41.0105 allows for the post-verdict reduction of plaintiff's recovery for past medical expenses for amounts "written off" or "adjusted"); *Goryews v. Murphy Exploration & Prod. Co.*, 2007 WL 2274400, 5 (S.D. Tex. 2007) ("Because the Plaintiff and his workers compensation carrier were only obligated to pay the reduced amount, it would undermine the 'make-whole' tort principle to allow the Plaintiff to receive medical expenses above and beyond those which he or his carrier were actually obligated to pay. Neither side should reap a windfall. Therefore, the amount of Plaintiff's damages for past medical expenses should be reduced to the amount actually paid on Plaintiff's behalf."); *see also Daughters of Charity Health*

*Servs. of Waco v. Linnstaedter*, 226 S.W.3d 409, 412 (Tex. 2007) ("The hospital's most salient point is that in the suit against Jones, Linnstaedter and Bolen sought the full medical charges billed by the hospital rather than the reduced amount paid by their compensation carrier. We agree that a recovery of medical expenses in that amount would be a windfall; as the hospital had no claim for these amounts against the patients, they in turn had no claim for them against Jones.").

Further, the Court finds that Plaintiff Ted Tholcken will incur some future medical expenses related to the accident. Although Dr. Willingham testified that the total cost for future medical and expenses would be $115,463.37, having heard the testimony and evidence presented, the Court finds that the amount would be substantially less. Within the past year, Tholcken has received no significant treatment or procedures as a result of the accident-related injuries.

The Court finds that no testimony supports an award of loss of household services or exemplary damages.

Therefore, having heard the evidence presented and having made these findings as to the facts and conclusions of law, the Court finds that Plaintiffs are entitled to an award of damages as follows:

| | |
|---|---|
| Plaintiff Ted Tholcken's past medical expenses: | $73, 991.00 |
| Plaintiff Ted Tholcken's future medical expenses: | $15,000.00 |
| Plaintiff Ted Tholcken's past physical pain and suffering: | $150,000.00 |
| Plaintiff Ted Tholcken's future physical pain and suffering: | $5,000.00 |
| Plaintiff Ted Tholcken's past mental anguish: | $25,000.00 |
| Plaintiff Ted Tholcken's future mental anguish: | $5,000.00 |
| Plaintiff Ted Tholcken's past disfigurement: | $25,000.00 |

| | |
|---|---|
| Plaintiff Ted Tholcken's future disfigurement: | – 0 – |
| Plaintiff Ted Tholcken's past impairment: | $75,000.00 |
| Plaintiff Ted Tholcken's future impairment: | $5,000.00 |
| Plaintiff Clarice Tholcken's past loss of consortium: | $2,500.00 |
| Plaintiff Clarice Tholcken's future loss of consortium: | – 0 – |
| Plaintiff Clarice Tholcken's past loss of household services: | – 0 – |
| Plaintiff Clarice Tholcken's future loss of household services: | – 0 – |
| Plaintiff Ted Tholcken's past care given by wife: | – 0 – |
| Exemplary/punitive damages: | – 0 – |

Plaintiff is also entitled to an award of any recoverable costs under 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

**SIGNED this 19th day of June, 2008.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE